Estil L. and Beulah Cook v. Commissioner.
Cook v. Commissioner
Docket No. 60802.
United States Tax Court
T.C. Memo 1958-76; 1958 Tax Ct. Memo LEXIS 148; 17 T.C.M. (CCH) 367; T.C.M. (RIA) 58076; April 30, 1958
*148 Held, that petitioners have failed to meet the burden of proving error in respondent's determination disallowing deductions claimed for (1) travel expense, board and lodging; (2) daily commuter expense from home to work and return; (3) payment of municipal public taxes; (4) contributions to Masonic Lodge and Eastern Star; and (5) medical expenses. Malcolm R. Rosser, Esq., for the petitioners. T. W. Sommer, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined deficiencies in income tax against petitioners for the taxable years 1953 and 1954 in the respective amounts of $289.41 and $282.86. Petitioners claim an overpayment of $312.67 for the year 1954. Preliminary statement in respondent's brief indicates that the deficiency for 1953 is intended to apply *149 to Estil L. Cook but not to Beulah Cook. For convenience, Estil L. Cook is sometimes hereinafter referred to as petitioner. The issues presented relate to disallowance by respondent of deductions taken for 1953 and 1954 for claimed travel expense, board and lodging; commuter's expense (1954 only); municipal public taxes; contributions to Masonic Lodge and Eastern Star; and medical expense (1954 only). The disallowance for medical expense is dependent upon other 1954 adjustments here in issue. Findings of Fact Estil L. Cook, a pipefitter by trade, filed an individual income tax return for the year 1953 with the district director of internal revenue for the district of Oklahoma. Estil L. and Beulah Cook, husband and wife, filed a joint income tax return for the year 1954 with the district director of internal revenue for the district of Oklahoma. Petitioners' home address is listed on their 1953 and 1954 income tax returns as 312 North M Street, Muskogee, Oklahoma, where they and their three children had lived for some years. Petitioners owned their home at said address. The petitioner's 1953 income tax return shows a deduction from gross income in arriving at adjusted *150 gross income in the amount of $1,288.64 for travel expense. The claim for travel expense for 1953 is itemized in the 1953 return as follows: JOB: F. H. McGraw & Co., Paducah,
Kentucky
From Jan. 12, to May 8, 1953
From Muskogee, Oklahoma to
Paducah, Kentucky
$ 38.64
Meals & Lodging: 16 weeks at
$25.00
400.00
JOB: M. W. Kellogg Co., Paducah,
Kentucky
From May 11 to Dec. 31, 1953
Meals & Lodging: 34 weeks at
$25.00
850.00
Total Travel Expense
$1,288.64
The petitioners' 1954 income tax return shows a deduction from gross income in arriving at adjusted gross income in the amount of $1,263.64 for travel expense. The claim for travel expense for 1954 is itemized in the 1954 return as follows: Job - M. W. Kellogg Co., Paducah,
Kentucky
Period Assigned: From Jan. 1, 1954
to Dec. 16, 1954.
Travel Expense: Return to Muskogee, Okla-
homa
$ 38.64
Meals & Lodging: 49 wks.
at $25.00
1,225.00
Total Travel Expense
$1,263.64
Petitioner Estil L. Cook went to work in Paducah, Kentucky, on April 22, 1952, as a pipefitter for F. H. McGraw and Company on construction of an atomic energy plant for the Atomic Energy Commission, and continued *151 to work there for said company until May 8, 1953. When petitioner's work for F. H. McGraw and Company at Paducah, Kentucky, was terminated on May 8, 1953, he went back to the Union Hall in Paducah and was referred to the M. W. Kellogg Company. He was employed by that company, and worked for it as a pipefitter at Paducah, Kentucky, from May 11, 1953, to December 16, 1954, on Atomic Energy Commission construction. During the time petitioner was employed by the M. W. Kellogg Company, that company was a subcontractor of F. H. McGraw and Company, and was doing work on two new buildings which were a $450,000,000 addition to the atomic energy plant at Paducah. When petitioner accepted employment with F. H. McGraw and Company in April of 1952, he did not agree to work any "special time," and nothing was said about how long he would work. There is no evidence that he inquired about the probable length of his employment. His idea when he left home was that he would work there three or four months, and he so stated to his wife. Petitioner's wife and children remained in Muskogee. One child was at school, and the other two entered school while he was in Paducah. His wife had chronic bronchitis *152 and the doctor advised him that it would not be permissible for her to move to Paducah on account of the climate, which would be bad for anyone afflicted with bronchitis. He made an effort to get a house in Paducah, and was registered for a house, but did not get one. At the time petitioner accepted employment with M. W. Kellogg Company (May 13, 1953), nothing was said about how long he would work, and he did not know how long it would be. In their 1954 income tax return, petitioners claimed a deduction in the amount of $193.75 for "Reimbursed Expenses: From M. W. Kellogg Co., for Commuting back and forth Daily from Home to Job." In their 1953 and 1954 income tax returns petitioners claimed deductions for "Municipal Public Tax" in the respective amounts of $9 and $12. In his 1953 income tax return, petitioner claimed deductions for "Masonic Lodge (Contributions) $4.00, Eastern Star (Contributions) $2.00," and in their 1954 income tax return, petitioners claim deductions for "Masonic Lodge (Contributions) $5.00, Eastern Star (Contributions) $2.50." As a result of other adjustments (disallowances) in his statutory notice, respondent reduced the allowance for medical expenses *153 for the year 1954 by $58.29. Opinion The only significant issue presented is whether the expenses incurred by Estil Cook for travel, meals and lodging in the years 1953 and 1954, while working for F. H. McGraw and Company and M. W. Kellogg Company in Paducah, Kentucky, are allowable deductions or nondeductible personal expenses. The applicable statutes are printed in the margin. [1] Respondent does not question the amounts of the expenditures. The burden of proof rests with petitioners. To meet the burden, petitioner must show that the employment in question was temporary. If he fails to do so, or if the affirmative facts are that the employment was indefinite, respondent must be sustained. Kermit L. Claunch, et al., 29 T.C. - (filed February 28, 1958). *154 Cook had lived for some years in Muskogee, Oklahoma, with his wife and family. He was a pipe fitter. He was employed by F. H. McGraw and Company on April 22, 1952, to work on the construction of an atomic energy plant in Paducah. This employment continued until May 8 or May 10, 1953. On May 13, 1953, he was employed by M. W. Kellogg Company, a subcontractor of McGraw, to work on an addition to the same plant, but under a different contract. The latter employment continued until December 9, 1954. Cook agreed to work for no "special time" and nothing was said about how long he would work. He made no inquiry as to how long the job would continue, and nobody told him how long it would last. There is no evidence that he intended otherwise than to continue in the job as long as it lasted. Each of the two jobs lasted over a year, and were separated by only a weekend. When he left to take the first job, he told his wife that his idea was that he would work three or four months, but offered no explanation in his testimony of the basis for his statement. Likewise, there is no evidence that he continued with this view after he started on the job. Petitioner testified that his wife had chronic *155 bronchitis and that he was advised by the doctor that it would not be permissible for her to move to Paducah. He also refers to the fact that his children were at school in Muskogee. At the same time, however, he testified that he endeavored (unsuccessfully) to get a house in Paducah while he was working there. While we give consideration to petitioner's "idea," formed prior to accepting the first job, that it would last only three or four months, we do not think that this testimony alone is sufficient to establish that the job was in fact temporary, especially in the absence of evidence that he continued such belief once he started on and became familiar with the job. We find no other evidence of any significance in the record which supports his contention as to the temporary nature of the job. To the contrary, the actual length of time spent on each job, not to speak of the more than two and one-half years spent on the two jobs together, at least indicate that his employment was indefinite or indeterminate. We think the principles stated in are here significant. In that case, we said, in part (p. 13): "The employment * * *156 * lacked permanence, but, on the other hand, was indefinite in duration rather than obviously temporary, in that it was not the sort of employment in which termination within a short period could be foreseen, as was the situation in , and . * * *" See also Kermit L. Claunch, supra. Cf. , reversed - Fed. (2d) - (C.A. 4, 1957). Under all of the circumstances we hold that petitioner has failed to meet the burden of proving that the two jobs (or either of them) were temporary. We sustain the respondent, therefore, in the disallowance of the expenditures in question. Petitioner deducted $193.75 "for Commuting back and forth Daily from Home to Job." Respondent disallowed the deduction. The item is not supported by any evidence other than reference to it in the income tax return. While referred to in petitioner's assignment of errors, no mention is made of it in his brief, and apparently he abandons the issue. It should be added that commuting expenses, as such, are nondeductible. See . Since petitioner *157 has failed to establish error in respondent's determination on this issue, respondent is sustained. In both years involved, petitioner deducted small amounts paid for "Municipal Public Tax" and for contributions to Masonic Lodge and Eastern Star. Again, except for reference to these items in the returns, no supporting evidence was offered. The respondent disallowed the items. Petitioner assigned error, but makes no reference to the items on brief. Again we assume the issues are abandoned. In any event, it is clear that petitioner has failed to meet the burden of proving error. For the year 1954, respondent, on the basis of other adjustments in the statutory notice, decreased the allowance for medical expenses by $58.29. We have sustained the adjustments on the basis of which the decrease was computed, and find nothing in the record demonstrating error in the disallowance. While this case comes before us on a joint petition of Estil L. Cook and Beulah Cook for both 1953 and 1954, and the statutory notice covering both years is addressed to "Mr. Estil L. Cook and Mrs. Beulah Cook, Husband and Wife," it appears of record that while the parties filed a joint return for 1954, Estil *158 L. Cook filed an individual return for 1953. The record furnishes no explanation of why Beulah Cook is included as an addressee of the statutory notice with respect to the year 1953. The Preliminary Statement in respondent's brief indicates that the deficiency for 1953 is intended to apply only to Estil L. Cook. We assume the parties will stipulate and reflect the circumstances and consequences in connection with the computations to be submitted under Rule 50 as a basis for our decision. Decision will be entered under Rule 50. Footnotes
1. Internal Revenue Code of 1939 SEC. 22. GROSS INCOME. * * *
(n) Definition of "Adjusted Gross Income." - As used in this chapter the term "adjusted gross income" means the gross income minus - * * *
(2) Expenses of travel and lodging in connection with employment. - The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee; * * *
SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or business expenses. - (A) In general. - * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *
SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x); [For the year 1954 the Internal Revenue Code of 1954 is applicable but the relevant statutes are substantially the same as above.]↩